**SO ORDERED.**

**SIGNED this 26 day of July, 2007.**



_____
                **ROBERT E. NUGENT**
     **UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

NOT DESIGNATED FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CARL W. JOHNSON, and | ) | Case No. 06-11024 |
| DEANNA F. JOHNSON, | ) | Chapter 12 |
| | ) | |
|                   Debtors. | ) | |
| _____ | ) | |
| | ) | |
| EDGAR EAGLE, | ) | |
| | ) | |
|                   Plaintiff, | ) | |
| v. | ) | Adv. No. 06-5404 |
| | ) | |
| CARL W. JOHNSON, | ) | |
| DEANNA F. JOHNSON, and | ) | |
| EDWARD J. NAZAR, STANDING | ) | |
| TRUSTEE, | ) | |
| | ) | |
|                   Defendants | ) | |
| _____ | ) | |

1

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this adversary proceeding, plaintiff Edgar Eagle seeks a declaratory judgment that his farm lease to debtor Carl Johnson has either expired by its terms or by virtue of Johnson's breaches of the lease. Eagle moves for summary judgment, claiming that the lease has been properly terminated as a matter of law.[1] Eagle appears by William B, Sorensen, Jr. of Morris, Laing, Evans, Brock & Kennedy, Chartered. Johnson appears by Dan W. Forker, Jr. of Forker, Suter & Rose. Standing Trustee Edward J. Nazar does not appear.

**Summary Judgment Standards and Jurisdiction**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56, in articulating the standard of review for summary judgment motions, provides that judgment shall be rendered if all pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] In determining whether any genuine issues of material fact exist, the Court must construe the record liberally in favor of the party opposing the summary judgment.[3] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way," and it is "material" if "under the substantive law it is

---

[1] Eagle has not moved for summary judgment on his claim that the lease should be declared terminated due to Johnson's breaches of the lease and the Court does not decide that issue today.

[2] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

[3] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citation omitted).

essential to the proper disposition of the claim."[4]

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and § 157(b)(1). This is a core proceeding under 28 U.S.C. § 157 (b)(2)(O).

**Statement of Facts**

Based upon the parties' summary judgment submissions the Court finds that the following facts are uncontroverted. Eagle leased a one-half section of land to Johnson on a crop share basis on or about February 26, 2001. The written lease expired by its terms on February 28, 2006, but Johnson remained in tenancy. In December of 2006, Eagle gave written notice to Johnson that his holdover year-to-year tenancy was terminated as of February 28, 2007.

Johnson asserts that, in fact, he and Eagle entered into an oral agreement in 2004 to renew and extend the lease for another eight years if Johnson would replace the flood irrigation system with a sprinkler system.[5] The rent terms also changed. Under the written lease, Eagle received one-third of the harvested crops as rent. Under the oral extension, that rent was reduced to one-fourth. Eagle invested some $20,658 in preparing the field for the sprinkler system by building a concrete pad, running electricity, and installing PVC pipe. Johnson in turn contributed a sprinkler system that he already owned, incurring about $1,850 in expenses to move the sprinkler onto the land. This oral agreement was allegedly made in 2004, before the end of the written lease term. The conversion from the flood irrigation system to the sprinkler system was in fact made in June of 2004. Johnson

---

[4] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[5] In Eagle's papers, he states that the alleged oral agreement was for an extension of 8 years. *See* Dkt. 29, Stmt. of Uncontroverted Fact No. 6.a. Johnson contends in his summary judgment response that the oral agreement was for an extension of 10 years. *See* Dkt. 32, Stmt. of Fact No. 4. This discrepancy in the length of the extension of the lease is not material to the Court's decision today.

3

paid Eagle one-fourth of the harvested wheat crop in 2005 and 2006.

Johnson filed a chapter 12 case in this Court on June 20, 2006. Eagle commenced this adversary proceeding on August 24, 2006 seeking a declaratory judgment that the lease upon which Johnson relies has terminated. Pending in the main case is Johnson's motion to assume the disputed farm lease and Eagle's objection thereto.

While there is a dispute about whether the oral agreement was ever made, there are no other material uncontroverted facts. For purposes of this motion, the Court construes Johnson's response to Eagle's statement of fact numbers 9 and 11 more in the nature of supplementation, rather than a controversion. These supplemental facts, although not material here, are as follows. Johnson made a debt payment of $20,000 on his sprinkler system.[6] Johnson did not plant a wheat crop on the land after the July 4, 2006 harvest but planted a barley crop on the land after this summary judgment motion was filed and which is to be harvested this fall. Viewing the record in the best light for Johnson, the Court concludes for purposes of this motion that Eagle orally agreed to renew and extend the lease of the farm ground to Johnson for 10 years.

**Analysis**

Eagle contends that the purported oral lease runs afoul of the Statute of Frauds as it has been enacted in Kansas. KAN. STAT. ANN. § 33-105 requires that any lease for a duration exceeding one year be in writing and § 33-106 bars actions on oral contracts for the conveyance of land. Accordingly, Eagle argues that, at best, the leasehold interest held by Johnson was a holdover, year-

---

[6] It is not clear when this debt payment was made by Johnson.

4

to-year tenancy that is created by statute under KAN. STAT. ANN. § 58-2502 (2005).[7] Such a lease may be terminated by written notice given under KAN. STAT. ANN. § 58-2506(d) not later than thirty days before the anniversary date of the termination date set out in the original lease.[8] Thus Eagle reasons that the farm lease terminated February 28, 2007 by his proper notice of termination in December 2006. Johnson counters that by supplying the sprinkler in 2004, paying his one-fourth share rent, and remaining in possession, he has partially performed the oral lease, taking it outside the Statute of Frauds.

There are a multitude of Kansas cases describing the operation of the partial performance "exception" to the Statute of Frauds. The leading case is *Stuber v. Sowder*, in which the Kansas Supreme Court, relying on prior Kansas cases, held that "parol leases for more than one year, in order to become valid by a part performance, should generally be such as would by such part performance, become substantially a purchase of an interest in the real estate. * * *."[9] Mere possession, payment of rent, or cultivation of a crop does not suffice. Nor does Johnson's supplying a sprinkler that he already owned and, under Kansas statutes and case law, he could freely remove upon being terminated. Supplying the sprinkler, retaining possession, and paying the rent does not equate to purchasing an interest in the real estate.

Nothing prevents Johnson from recovering his sprinkler system (except the expense of doing

---

[7] That statute provides: "When premises are let for one or more years, and the tenant with the assent of the landlord continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year."

[8] Here, the original lease termination date was February 28, 2006. Eagle gave written notice of termination to Johnson in December of 2006, more than 30 days' notice before the anniversary date of the termination date, February 28, 2007.

[9] 168 Kan. 467, 469, 213 P.2d 989 (1950) (quoting *Bard v. Elston*, 31 Kan. 274, 1 Pac. 565 (1884)).

5

so) and equity would dictate that he be able to do so. Any other expenses that Johnson has incurred might also be recoverable. Again, Johnson's incurring these expenses is not sufficient under Kansas law to validate the oral lease by partial performance. A determination of what those claims may be could be made by this Court in the context of allowing Eagle's rent claim or resolving Johnson's motion to assume the lease.

In this proceeding, Eagle appears as plaintiff seeking a declaration that the lease under which Johnson claims is void as parol. The fact that Eagle is a plaintiff does not prevent him from taking advantage of the Statue of Frauds. "It is a well accepted principle of law that the Statute of Frauds was enacted to prevent fraud and injustice, not to foster or encourage it, and a court of equity will not ordinarily permit its use as a shield to protect fraud or enable one to take advantage of his own wrongdoing."[10] In the main case, Johnson is seeking to assume this lease under 11 U.S.C. § 365, which is essentially the same as claiming the right to retain possession under it. Thus, while Eagle is a plaintiff here, no fraud or misconduct is alleged on his part. His invocation of the Statute of Frauds is defensive in nature, and entirely appropriate on this record.

Eagle's motion for summary judgment should be GRANTED and judgment entered on the Complaint for Eagle declaring that the only leasehold interest possessed by Johnson at the date of the petition was that of a holdover year-to-year tenant. Eagle terminated this holdover tenancy post-petition on February 28, 2007, by giving proper notice of termination to Johnson in December of 2006 pursuant to KAN. STAT. ANN. § 58-2506(d). Because there was no pre-petition termination of the lease, the Court reserves for further hearing Johnson's assumption of the lease under § 365 for the period from the date of the bankruptcy petition (June 20, 2006) to the date of termination

---

[10] *Bank of Alton v. Tanaka,* 247 Kan. 443, 452, 799 P.2d 1029 (1990).

(February 28, 2007), together with the degree and extent of termination damages, if any, to be assessed and allowance of any claim for rent by Eagle. The Clerk will issue a separate notice, setting the assumption motion in the main case for hearing as the Court's calendar permits. A Judgment on Decision will issue this day.

# # #